1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney

2

3  HALLIE HOFFMAN (CABN 210020)
   Chief, Criminal Division

4  JULIE D. GARCIA (CABN 288624)
   Assistant United States Attorney

5

6       450 Golden Gate Avenue, 11th Floor
        San Francisco, California 94102-3495
        Telephone: (415) 436-6758

7       FAX: (415) 436-7234
        Julie.Garcia@usdoj.gov

8

   Attorneys for United States of America

9

                    UNITED STATES DISTRICT COURT

10

                  NORTHERN DISTRICT OF CALIFORNIA

11

                      SAN FRANCISCO DIVISION

12

13  UNITED STATES OF AMERICA,              )   CASE NOS.:   CR 19-367 WHA EDL-5
                                           )
14        Plaintiff,                       )   [PROPOSED] ORDER DETAINING DEFENDANT
                                           )   JORGE ENRIQUE TORRES-VIERA PRIOR TO
15     v.                                  )   TRIAL
                                           )
16  JORGE ENRIQUE TORRES-VIERA,            )
          a/k/a "Enrique,"                 )
17                                         )
          Defendant.                       )
18                                         )
                                           )
19  _____   )

20        On July 26, 2019, defendant Jorge Enrique Torres-Viera, a/k/a "Enrique," was charged in a

21  criminal complaint with conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 846

22  and 841(a)(1) and (b)(1)(C). *See* Case No. 19-71145 TSH. On August 8, 2019, Torres-Viera was

23  charged in an indictment with conspiracy to distribute controlled substances in violation of 21 U.S.C.

24  §§ 846 and 841(a)(1) and (b)(1)(B). *See* 19-367 WHA. The defendant was arraigned on August 9,

25  2019, and on the same day the matter came before this Court for a detention hearing. The defendant was

26  present and represented by Charles Woodson, Esq.

27        Pretrial Services submitted a report that recommended detention based on risk of flight. A

28  representative of Pretrial Services was also present at the hearing. The Government moved for

1  detention, and the defendant opposed. The parties submitted proffers and arguments.

2  Upon consideration of the Pretrial Services report, the court file, the government's memorandum

3  in support of its motion, and the parties' proffers at the detention hearing, the Court finds by a

4  preponderance of the evidence that, at least at this time, there is no condition or combination of

5  conditions that will reasonably assure the appearance of the defendant as required. Accordingly, the

6  Court orders the defendant detained pending trial.

7  This Order supplements the Court's findings at the detention hearing and serves as written

8  findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i).

9  The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining

10  whether pretrial detention is warranted. In coming to its decision, the Court has considered those

11  factors, paraphrased below:

12  (1) the nature and seriousness of the offense charged;

13  (2) the weight of the evidence against the person;

14  (3) the history and characteristics of the person including, among other considerations,

15  employment, past conduct and criminal history, and record of court appearances; and

16  (4) the nature and seriousness of the danger to any person or the community that would be posed

17  by the person's release.

18  18 U.S.C. § 3142(g).

19  In considering the Pretrial Services report, the court file, the government's memorandum in

20  support of its motion, and the party proffers presented at the hearing, the Court finds the following

21  factors among the most compelling in reaching its conclusion that no combination of conditions can

22  reasonably assure the defendant's appearance as required.

23  First, Mr. Torres-Viera has very strong connections to Honduras. His parents, his three minor

24  siblings, and his grandparents still live there, and he speaks with at least his parents and siblings every

25  day. Mr. Torres-Viera also has a valid Honduran passport. Additionally, the government has proffered

26  that intercepted calls show that he communicated with individuals in Honduras about drug trafficking.

27

28

[PROPOSED] ORDER DETAINING DEFENDANT JORGE ENRIQUE TORRES-VIERA PRIOR TO TRIAL
CR 19-367 WHA EDL-5

By contrast, Mr. Torres-Viera does not have strong ties to the United States. He has been in the country for less than a year and a half. He has no employment history or assets. He listed no family in the United States other than an aunt who has not responded to Pretrial Services' phone calls.

Nor would Mr. Torres-Viera have a stable living situation if released. Mr. Torres-Viera told Pretrial that he had been living at his current residence for just two days prior to his arrest and that his uncle had paid the rent. The government proffered that the "uncle" who had paid the rent was the alleged leader of the drug-trafficking organization, Eduardo Alfonso Viera-Chirinos ("Eduardo"), who is also charged in the indictment and is detained pending trial. With Eduardo and Mr. Torres-Viera's other uncles in custody pending trial, with no other family in the United States, and without legal employment, Mr. Torres-Viera would have no stable living situation if released.

The Court is also concerned that the defendant has no viable sureties. A friend came forward and offered to sign an unsecured bond; however, the proposed surety has only known the defendant for a short time, and the Court is concerned that she would not be able to exercise the amount of moral suasion over the defendant required to ensure that he appears as required. The surety also stated that she would not be able to post money or property, meaning that she would be judgment-proof if the defendant were to flee. Finally, the government has proffered evidence that Mr. Torres-Viera provided the surety's phone number to Eduardo when Eduardo asked for a phone number of someone who could provide "work," which the government alleges is a common code term for drugs.

Based on the foregoing facts, the Court believes that, given the choice between staying in the United States, where he may face many years in prison, and returning to Honduras, which he left just a year and a half ago and where his family still lives, the defendant would be likely to flee back to his family and his home country if released.

Given the nature of the crimes as alleged, as well as the history and characteristics of the defendant, the Court determines that, on the record before it, there is no condition or combination of conditions of release that can reasonably assure the defendant's appearance as required. Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS HEREBY ORDERED THAT:

(1) Defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

1     (2) Defendant be afforded reasonable opportunity for private consultation with his counsel; and

2     (3) on order of a court of the United States or on request of an attorney for the government, the

3 person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to an

4 authorized Deputy United States Marshal for the purpose of any appearance in connection with a court

5 proceeding.

6 **IT IS SO ORDERED.**

7     August __ , 2019

        Sept. 3

8                                       HON. ELIZABETH D. LAPORTE
                                      United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28